## Chicago, Burlington & Quincy R. R. Co.

### v.

## Archibald M. Rogers.

Where the gravamen of the action is mere negligence, there can be no recovery where there is a want of ordinary care to avoid the injury.

Appeal from the Circuit Court of Mercer county; the Hon. A. A. Smith, Judge, presiding. Opinion filed December 4, 1885.

On the 27th day of July, 1881, appellee, in copartnership with Dunn and Harvey, shipped five cars of cattle from Aledo to Chicago on appellant's road, and by the terms of the contract of shipment, appellee received a pass or permit to accompany the stock on the same train, to take care of it, which he did, taking his son with him also for that purpose. At Mendota, the size of the train was increased to forty cars, each thirty-two feet long, which, with the locomotive, tender and caboose car, made the entire train 1,400 feet in length. On arriving at Leland, a station about twenty miles east of Mendota, and about sixty miles west of Chicago, about one o'clock at night, the train stopped, the locomotive being east of the depot, but far enough west of the east switch to allow west-bound trains to pass on the north side of the depot on the north main track (the road being double track west of Leland and single track east of there for some distance), and the rear end of the train being several hundred feet west of the west end of the depot grounds and west of the cattle guard, built to keep stock off the track, and which was also used as a culvert or waterway for the water to pass from the south to the north side of the track, being about eight feet wide and about six feet deep. The conductor had gone forward to the depot to register his arrival and obtain orders, while the brakeman remained in the caboose car with the appellee and his son. After the train had stopped, appellee in-

quired of the brakeman where they were, to which he replied, " Leland." Appellee then asked the brakeman how long the train would remain there, to which the brakeman repl'ed, " fifteen minutes to half an hour." Appellee further inquired of the brakeman if he would have time to look after his stock, and the brakeman replied " Yes." Thereupon, the night being dark, appellee took his lantern and got off the caboose car accompanied by his son, and, leaving the brakeman in the car, went forward on the roadbed where the road was fenced on both sides, holding his lantern up so as to see his cattle in the cars, and not using his lantern to see whether the way he was going was safe ; and on coming to the cattle-guard and culvert, fell into it and was injured. There was evidence that some stock trains stopped where this train stopped, and that some persons in charge of the stock on such other trains, got off of their trains at this point, and that nothing was said or done by those in charge of such trains, to prevent it.

Trial on the foregoing facts. Verdict for appellee of $2,650 ; remittitur by appellee of $1,650, and judgment for appellee for $1,000 and costs. From which judgment this appeal was taken. Various errors are assigned.

Mr. H. BIGELOW, for appellant.

Mr. B. C. TALIAFERO and Messrs. CONNELL & MORGAN, for appellee.

WELCH, J. We deem it unnecessary to examine the various errors assigned. Under the law and the facts in this case, no recovery for the appellee can be sustained.

It was said by Judge McAllister in the case of the C. & N. W. Ry. Co. v. Thorson, 11 Bradwell, 634, " It seems to be a settled rule of law in this State now, that to enable a plaintiff to recover on the ground of mere negligence, as distinguished from the willful tort of the defendant, it must appear that the injured party exercised ordinary care, such as reasonably prudent persons would exercise under like circumstances, to avoid the injury complained of. C. B. & Q. R. R. Co. v. Johnson,

Adm'r, 103 Ill. 520–21, and cases there cited. There was no evidence in this case tending to show any willful tort on the part of the appellant, and it is plain that no such tort was relied upon as the basis of the action. The cause of action was predicated upon the mere negligence of the appellant.

We deduce from the foregoing rule of law, that where the *gravamen* of the action is mere negligence, there can be no recovery where there is a want of ordinary care to avoid the injury. The doctrine of comparative negligence as formulated by the Supreme Court of this State has no application in this case.

Applying this rule to this case, can it be said that appellee exercised such care as a reasonably prudent person would have exercised under the circumstances to avoid the injury? It was a dark night; appellee had a lantern which he might and could have used to see that the way he was going was safe, and if he had used it, might have avoided the injury. It was a want of ordinary care on the part of appellee not to use his lantern to see the condition of the track on which he was going and whether it was safe, and as such would prevent a recovery by him. Even though it should be conceded that the appellant was guilty of negligence, which under the view we take of this case we are not called upon to decide, it was not wanton or willful. In our view, under the foregoing facts, no recovery can be sustained in favor of appellee.

The judgment in this case is reversed.

*Judgment reversed.*